Shaw, C. J.
The jury in this action, which is trespass quare clausum fregit, having returned a verdict, that the alleged trespass was casual and involuntary, and assessed the damages at $ 12, and it appearing that $ 12 had been tendered as damages, before the action was brought, the defendant moves for judgment. This is opposed by the plaintiffs, who move for a new trial on the grounds stated in the report. The principal one is, that the testimony of Oliver Luce, as to what a deceased witness, Brown, had formerly testified, in this cause, in the court of common pleas, and which was tendered by the plaintiffs, ought to have been received.
The rule upon which evidence may be given of what a deceased witness testified on a former trial between the same parties, in a case where the same question was in issue, seems now well established in this Commonwealth by authorities. It was fully considered in the case of Commonwealth v. Richards, 18 Pick. 434. The principle on which this rule rests was accurately stated, the-cases in support of it were referred to, and with the decision of which we see no cause to be dissatisfied. The general rule is, that one person cannot be heard to testify as to what another person has declared, in relation to a fact within his knowledge, and bearing upon the issue. It is the familiar rule which excludes hearsay. The reasons are obvious, and they are two. First, because the averment of fact does not come to the jury sanctioned by the oath of the party on whose knowledge it is supposed to rest; and secondly, because the party, upon whose interests it is brought to bear, has no opportunity to cross-examine him on whose supposed knowledge and veracity the truth of the fact depends.
Now, the rule, which admits evidence of what another said on a former trial, must effectually exclude both of these reasons. *265 It must have been testimony, that is, the affirmation of some matter of fact, under oath; it must have been in a suit between the same parties in interest, so as to make it sure that the party, against whom it is now offered, had an opportunity to cross-examine; and it must have been upon the same subject matter, to show that his attention was drawn to points now deemed important. It must be the same testimony which the former witness gave, because it comes to the jury under the sanction of his oath, and the jury are to weigh the testimony, and judge of it, as he gave it. The witness, therefore, must be able to state the language in which the testimony was given, substantially and in all material particulars, because that is the vehicle, by which the testimony of the witness is transmitted, of which the jury are to judge. If it were otherwise, the statement of the witness, which is offered, would not be of the testimony of the former witness; that is, of the ideas conveyed by the former witness in the language in which he embodied them ; but it would be a statement of the present witness’s understanding and comprehension of those ideas, expressed in language of his own. Those ideas may have been misunderstood, modified, perverted or colored, by passing through the mind of the witness, by his knowledge or ignorance of the subject, or the language in which the testimony was given, or by his own prejudices, predilections or habits of thought and reasoning. To illustrate this distinction, as we understand it to be fixed by the cases: If a witness, remarkable for his knowledge of law and his intelligence on all other subjects, of great quickness of apprehension and power of discrimination, should declare that he could give the substance and effect of a former witness’s testimony, but could not recollect his language, we suppose he would be excluded by the rule. But if one of those remarkable men should happen to have been present, of great stolidity of mind, upon most subjects, but of extraordinary tenacity of memory for language, and who could say that he recollected and could repeat all the words uttered by the witness; although it should be very manifest that he himself did not understand them, yet his testimony would be admissible.
*266 The witness called to prove former testimony must be able to satisfy one other condition, namely, that he is able to state all that the witness testified on the former trial, as well upon the direct as the cross examination. The reason is obvious. One part of his statement may be qualified, softened or colored by another. And it would be of no avail to the party against whom the witness is called to state the testimony of the former witness, that he has had the right and opportunity to cross-examine that former witness, with a view of diminishing the weight or impairing the force of that testimony against him, if the whole and entire result of that cross-examination does not accompany the testimony. It may perhaps be said, that, with these restrictions, the rule is of little value. It is no doubt true, that in most cases of complicated and extended testimony, the loss of evidence by the decease of a witness cannot be avoided. But the same result follows, in most cases, from the decease of a witness, whose testimony has not been preserved in some of the modes provided by law. But there are some cases, in which the rule can be usefully applied, as in case of testimony embraced in a few words — such as proof of demand or notice on notes or bills — cases in which large amounts are often involved. If it can be used in a few cases, consistently with the true and sound principles of the law of evidence, there is no reason for rejecting it altogether. At the same time, care should be taken so to apply and restrain it, that it may not, under a plea of necessity, and in order to avoid hard cases, be so used as to violate those principles. It is to be recollected that it is an exception to a general rule of evidence supposed to be extremely important and necessary ; and unless a case is brought fully within the reasons of such exception, the general rule must prevail.
I am aware that Mr. Greenleaf, in his learned and very excellent Treatise on Evidence, § 165, has intimated a dcubt wnether it is wise to hold the rule in question with this strictness ; and the cases from the Pennsylvania Reports justify the suggestion, and warrant a more liberal construction of the rule, so far as it is practised on in that State. But Mr. Greenleaf *267 does not cite the case of Commonwealth v. Richards, 18 Pick. 434, and probably he had not adverted to it, when his treatise was written. That is a recent case, and one which we are bound to regard as of high authority in this Commonwealth.
The rule in regard to proving what a witness formerly testi fled, on a prosecution for perjury, does not seem to be strictly analogous. There, if it is proved by a witness, that the party now on trial formerly testified positively to a fact, and did not afterwards, in the course of his testimony, retract or modify that statement; on proof that the matter, thus testified as a fact, was not true, and the witness knew it, the perjury assigned may be considered well proved, although the accused testified to many other things, on the same trial, which the witness now called does not recollect, and which perhaps would be irrelevant, if he could. But the cases, we think, stand on different grounds Rex v. Rowley, 1 Mood. Cr. Cas. 111.
All that the witness could state, in the present case, was, that he could give the substance of the witness’s testimony, but not his precise language. We lay no stress upon the epithet “ precise.” It might properly lead to a further preliminary examination of the extent of his knowledge, and probably did so. As he could only give the substance and effect of the testimony, but not the language in which it was given, we think the judge did right in excluding him.
Another point was taken by the plaintiffs, on grounds appearing on the record ; which is, that although the tender of amends was made before action brought, yet the money was not brought into the court of common pleas till the second term of that court. This, we think, depends upon the construction of the Rev. Sts. c. 105, § 12, which provide that “ when any trespass on lands shall have been casual and involuntary, the trespasser may tender to the party injured sufficient amends, before any action is brought on the same; and if afterwards sued for such trespass, he may in his plea disclaim all title to the land, and set forth the tender in the usual form, bringing into court the money so tendered ; and if upon the trial, the allegations in the plea shall appear to be true, and the damages assessed for the *268 trespass shall not exceed the amount so tendered, the defendant shall recover his costs of the suit.” As special pleas are now excluded, by St. 1836, c. 273, and the defendant may avail himself of any matter of defence under the general issue, it is very clear that he may thus avail himself of this statute defence of Lender. We are of opinion that, by the terms of the statute, the defendant Drings his money into court seasonably, ii he pays it in when he files his plea; and as it appears that, by the rules of the court of common pleas, the general issue might be filed, and was filed, at the second term, and the money was then brought in, the defendant did not lose the benefit of his tender, by not bringing it in sooner. The defendant was undoubtedly bound to make good his plea, by showing that he was always ready, from the time of the tender to the time of the plea. If the plaintiffs doubted his sincerity, or wished at any time to take the amount tendered, it was in their power at any time to demand it, and if the defendant had, on any reasonable demand, neglected or refused to pay it, he would have lost the benefit of it.
Hubbard, J.
On one of the questions decided in this case, I have the misfortune to differ from my learned brethren. If the decision of the point had been rested solely on the authority of Commonwealth v. Richards, 18 Pick. 434, I should not have expressed the doubts I entertain of the correctness of that decision. But that opinion having been enforced and specially confirmed, by the reasoning of the court in this case, I am un willing to adopt it by my silence.
The rule prescribed by the court in Commonwealth v. Richards, is, “ that the whole of the testimony of the deceased witness, upon the point in question, and the precise ivords used by him, must be proved.” But such a rule, in my judgment, is rather a provision for the exclusion than for the admission of testimony, because, as a matter of fact, not one person in ten thousand can possibly recollect the very words used by the witness. It is the constant observation of lawyers familiar with trials at nisi prius, that the testimony of witnesses is never taken down by different persons in the same words, though the facts and ideas are substantially the same; and also that the same witness, when *269 called to testify on a second trial, does not and cannot repeat the very words used by himself on the first hearing, though he is narrating the same events or expressing the same thoughts. If, then, the words of a witness cannot be accurately taken down, nor the same words repeated by the party himself who has previously used them, how can it be expected that a bystander, or a note-taker even, after a lapse of months perhaps, can testify to the identical words used ?
In other cases, where a person is called to testify to words spoken, as in actions of slander, to the declarations of a party or of a witness, with a view of contradicting him, he is not required to give the identical words of the party or the witness, but he may state the substance of what he has heard, and in language as nigh that which was used as he can recollect. What sufficient reason then exists, in the present case, to depart from the rule as practised upon in other cases ? It is said that a slight variation may substantially affect the testimony; very possibly it may ; but is there not the like exposure to material variation in those cases where the substance of the ¡declarations is admitted ? It is argued that the deceased party was under oath, and therefore the same words should be given; but such is the case with living witnesses whose declarations under oath are testified to, with the view of contradicting them. The substance of what the witness said, the facts he stated, the opinions he expressed, the reasons he assigned, the explanations he gave, the motives he avowed, may all be faithfully testified to, without repeating all his words. The synonymy of our language is such, that a literal adherence to the same expressions is not necessary to the conveying of the same ideas. In my opinion, the reasoning made use of in the decision of Commonwealth v Richards, goes equally to the exclusion of the declarations of parties and witnesses in all cases, unless their precise words are given, as of those of deceased witnesses ; and therefore, if it is sound wisdom to adopt the rule in the last case, it is equally wise to apply it to the others. As the decision now stands, it prescribes a rule for the admission of testimony, which the imperfection of our nature, in the structure of our memories, will *270 not warrant. It, in truth, excludes the thing it proposes to admit, and at the same time opens a door for knaves to enter where honest men cannot approach.
I am well aware that wise and learned judges of other courts have held the doctrine maintained by my respected brethren and if no contrary opinion had been expressed, I might well withhold my own. But other learned judges have maintained that a rule so rigid was unwise ; and I confess I prefer the reasoning of Gibson, J., in the case of Cornell v. Green, 10 S. & R. 16, to that of the learned judge in Commonwealth v. Richards; and with him agrees also the learned author of the Treatise on the Law of Evidence. See Greenl. on Ev. § 165.
It would be satisfactory to me to analyze the cases where the point has either incidentally or directly arisen, and to compare the reasoning with that applied to other cases arising under the rules for admitting or excluding evidence; but the pressure of other engagements prevents.
This species of evidence has been styled dangerous; and if it were a new question, an argument might well be raised, whether it should be admitted. But the rule for its admission is now too well established to be called in question ; and being admissible, it should stand on the same platform with other testimony of a like character. And, in my judgment, no sufficient reason exists for introducing this divérsity.
With most of the reasoning of the court, m the present case, I fully agree; but so far as it directly sanctions the precise ruling in Commonwealth v. Richards, I cannot, for the reasons stated, express my concurrence.

Judgment for the defendant for his costs.